UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA LEE REDDING,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SNOHOMISH COUNTY JAIL, et al.,<br><br>　　　　　　　Defendants. | Case No. C18-1536 BJR-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a former Snohomish County Jail prisoner, filed a 28 U.S.C. § 1983 civil rights complaint, naming as defendants Snohomish County Jail, "C.O. Grifith #6121," Charles Mitchell, and "Major J. Kane, #6058." Dkt. 4. On October 22, 2018, the Court issued an order declining to serve the complaint because it is deficient. Dkt. 3. Because plaintiff proceeds *pro se*, the Court granted him leave to file an amended complaint by **November 5, 2018**. Plaintiff was notified that certain claims may be dismissed if he did not submit an amended complaint by that date curing the deficiencies noted below.

Plaintiff has not filed an amended complaint. The Court accordingly recommends that all claims be dismissed with the exception of the claim that defendant "Grifith" violated plaintiff's rights by using excessive force against him and injuring him on August 20, 2018.

REPORT AND RECOMMENDATION - 1

# DISCUSSION

Plaintiff's § 1983 complaint requires him to show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### A.    Defendant "Grifith"

The complaint alleges defendant Grifith violated plaintiff's rights by using excessive force against him and injuring him on August 20, 2018. Although the complaint indicates Grifith used force in response to certain acts plaintiff committed, and certain things plaintiff said to the officer, the court concludes the complaint alleges sufficient facts to state a claim for relief against Mitchell.

### B.    Defendant Mitchell

Plaintiff alleges "'Charles Mitchell'" will not honor legal responsibility to let me use the law library." Dkt. 4. Prisoners have a constitutional right of access to the courts, including the use of a law library. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of this right, a prisoner must show he suffered an actual injury, meaning actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim. *Lewis v. Casey*, 518 U.S. 343, 348 (1996). Plaintiff does not identify any actual injury caused by Mitchell's denial of law library access and the claim should accordingly be dismissed.

### C.    Defendant Kane

Plaintiff alleges Kane will not let plaintiff appeal his classification status. Prisoners do not have a constitutional right to a particular classification status. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Plaintiff therefore

REPORT AND RECOMMENDATION - 2

cannot state a claim against Kane for improperly classifying him and the claim should be dismissed.

D.   **Medical Negligence**

Plaintiff alleges an unnamed nurse examined him after defendant Mitchell injured him. He alleges the nurse was negligent in her examination. Negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988). The claim should accordingly be dismissed.

E.   **Snohomish County Jail**

Governmental agencies such as the Snohomish County Jail normally cannot be sued under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Rather, the proper defendant would be Snohomish County, a municipality that can be sued under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). If plaintiff seeks to pursue a claim against the County, he must name the County as a party, and set forth facts in the amended complaint that show: (1) the County has an official custom or policy that permits deliberate indifference to the medical needs of an inmate or violates an inmate's civil rights, and (2) the County employees or agents acted through this official custom, pattern or policy or the County ratified the unlawful conduct. *Monell,* 436 U.S. at 690–91. Accordingly the claim against the jail should be dismissed.

## CONCLUSION

For the reasons above, the Court recommends **DISMISSING** all claims with the exception of the claim that defendant "Grifith" used excessive force and injured plaintiff on August 20, 2018. If plaintiff wishes to object, he must file his objections no later than December

REPORT AND RECOMMENDATION - 3

**20, 2018.** The Clerk should note the matter for **December 21, 2018**, as ready for the District Judge's consideration. Objections shall not exceed eight pages. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this order to plaintiff and the assigned District Judge.

DATED this 6th day of December, 2018.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4