UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA LEE REDDING,<br><br>                  Plaintiff,<br><br>  v.<br><br>SNOHOMISH COUNTY JAIL, et al.,<br><br>                  Defendants. | Case No. C18-1536 BJR-BAT<br><br>**REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff, a former Snohomish County Jail prisoner, filed a 28 U.S.C. § 1983 civil rights complaint, naming as defendants Snohomish County Jail, "C.O. Grifith #6121," Charles Mitchell, and "Major J. Kane, #6058." Dkt. 4. On January 18, 2019, the Court dismissed all claims and all defendants with the exception of the excessive force claim against defendant Grifith. Dkt. 7. On February 7, 2019, defendant Grifith filed a motion to dismiss under "FRCP 12(b)(6)" arguing plaintiff failed to exhaust his administrative remedies before filing suit as required by the Prison Litigation Reform Act (PLRA). Dkt. 10.

The Court has reviewed the motion and the balance of the record and finds, at this juncture, defendant has not met his Rule 12(b)(6) burden of proof and therefore recommends the motion to dismiss be DENIED without prejudice.

# DISCUSSION

**A.    PLRA Exhaustion Requirements**

Under the PLRA, a prisoner cannot bring an action regarding prison conditions unless the prisoner has properly exhausted all administrative remedies. 42 U.S.C. § 1997e(a). The PLRA is designed to reduce unnecessary federal-court interference in the administration of prisons. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Requiring exhaustion gives prison officials a "fair opportunity to correct their own errors" and creates an administrative record for grievances that eventually become the subject of federal court complaints. *Id*. at 94; *See also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).

Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter*, 534 U.S. at 532. Prisoners must adhere to the deadlines and other "critical procedural rules" of the prison's grievance process, *Woodford*, 548 U.S. at 90; accordingly untimely or otherwise procedurally defective grievance is insufficient. *Id* at 83-84.

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Consequently, unless plaintiff pleads facts that show he failed to exhaust his administrative remedies—meaning his Complaint is subject to dismissal at the pleading stage—then defendants cannot prevail on an exhaustion defense until such time as they can introduce evidence to prove it, e.g., at summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). If the Court concludes plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by §

1997e(e). *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**B.     Rule 12(b)(6) Motions**

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). In ruling on the motion, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may also consider documents incorporated by reference into the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Generally, pro se pleadings such as the one before the Court are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Also, the Court need not credit "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

**C.     Defendant's Motion to Dismiss**

Defendant argues the Court should dismiss the case because "on the face of the

1  Complaint, Plaintiff concedes that he did not fully exhaust his administrative remedies." Dkt. 10
2  at 1. The complaint sets forth the following: 1) the institution housing plaintiff has a grievance
3  procedure; 2) plaintiff has filed grievances "concerning the facts relating to this complaint"; and
4  3) plaintiff checked the "yes" box regarding whether "the grievance process is completed," and
5  wrote next to this box "Mostly (could Appeal again) still waiting on some." Dkt. 4 at 2.

6  Plaintiff attached to the complaint copies of the grievances he filed against "C.O Grifith
7  #6121." *Id.*, Ex. 1 at 4. The first grievance which was assigned tracking number 762 alleged
8  defendant Grifith used excessive force on plaintiff on August 30, 2018. *Id.* The grievance was
9  rejected on the grounds that "[d]uring this escort you failed to follow directives, you threatened
10 Deputy Griffith, and attempted to pull-away." *Id.*

11 Plaintiff appealed the rejection of this grievance, again alleging defendant Grifth used
12 excessive force. In his appeal plaintiff also asks he be released from the "Hole" because he has
13 "taken responsibility for my actions and numerous Kites, appeals, grievances, spoken to staff."
14 *Id.* at 4.

15 In light of the above, the Court cannot say the complaint, on its face, establishes plaintiff
16 failed to exhaust his administrative remedies regarding the allegation the defendant Grifith used
17 excessive force. Plaintiff's complaint contains other allegations which perhaps were not fully
18 exhausted, and which may explain why plaintiff noted the grievance process is mostly
19 completed. But as to plaintiff's excessive force claim against defendant Grifith, plaintiff attached
20 to the complaint evidence that he grieved defendant Grifth's alleged use of excessive force and
21 appealed the denial of the grievance. Defendants have presented nothing showing plaintiff's
22 grievance against Officer Grifith and appeal of the grievance are insufficient to exhaust his
23 remedies and that there are additional steps plaintiff was required to take but did not. Perhaps

REPORT AND RECOMMENDATION DENYING DEFENDANT'S
MOTION TO DISMISS - 4

there are additional steps plaintiff was required to complete to exhaust his administrative remedies but this is not evident on the face of complaint, and thus the Court is not in a position to grant the motion to dismiss. Evidence there are in fact additional steps plaintiff was required to take to exhaust his remedies might be grounds to grant summary judgment but neither that evidence nor a motion for summary judgment are presently before the Court.

## CONCLUSION

The Court accordingly recommends defendant's motion to dismiss, Dkt. 10, be denied. Objections if any to this recommendation must be filed no later than **March 18, 2019.** The Clerk should note the matter for **March 22, 2019**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections shall not exceed eight pages.

The Clerk shall provide a copy of this order to plaintiff and the assigned District Judge.

DATED this 4th day of March, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge