UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUE LEE REDDING,

                Plaintiff,

    v.

SNOHOMISH COUNTY JAIL, et al.,

                Defendants.

Case No. C18-1536 BJR-BAT

**REPORT AND RECOMMENDATION**

In October, 2018, plaintiff, a Snohomish County Jail prisoner, filed a 28 U.S.C. § 1983 civil rights complaint, naming as defendants Snohomish County Jail, "C.O. Grifith #6121," Charles Mitchell, and "Major J. Kane, #6058." Dkt. 4. On April 17, 2019, the Court dismissed all claims and defendants, except the excessive force claim against defendant Scott Griffith. Dkt. 16. On August 21, 2019, defendant Griffith filed a motion for summary judgment, declarations in support and a *Rand* notice. Dkts. 19-26. The motion was noted for September 13, 2019, and renoted for October 11, 2019, after plaintiff alleged he was in the process of obtaining a copy of a jail video of the alleged incident between defendant Griffith and plaintiff. Dkt. 28. Plaintiff subsequently filed motions regarding spoliation of evidence as the video he sought was erased before the law suit was filed, Dkts. 37, 41, extension of all proceedings, appointment of counsel, Dkts. 33, 34, and amendment of the complaint. Dkt. 40.  The Court denied these motions, and

REPORT AND RECOMMENDATION - 1

now addresses defendant Griffith's motion for summary judgment.

**DISCUSSION**

**A.    Parties' Factual Assertions**

Plaintiff's § 1983 complaint alleges defendant Griffith violated plaintiff's rights by using excessive force against him and injuring him on August 20, 2018. The complaint indicates Griffith used force in response to certain acts plaintiff committed, and certain things plaintiff said to the officer but that the force used was nonetheless excessive.

Defendant Griffith contends summary judgment should be granted because plaintiff admits he resisted defendant's directives by pulling away, admits he threatened violence against defendant, and continued to resist despite defendant's directives to stop. Dkt. 19 at 1. Defendant further claims his actions were reasonable and that he "escorted plaintiff to the ground to minimize the possibility of injury to both himself, other staff and to plaintiff." *Id.*

Classification Specialist Mitchell states he heard plaintiff yelling and heard defendant tell plaintiff to stop resisting. Dkt. 24. Specialist Mitchell also saw defendant on the ground with plaintiff and defendant was using his weight on plaintiff because plaintiff was moving his body around and yelling angrily. *Id.* Specialist Mitchell subsequently conducted a disciplinary hearing at which plaintiff admitted he pulled away from defendant and told defendant he would "see him outside." *Id.* Plaintiff stated it was not fair he was housed in maximum security and the incident would not have occurred if he had been housed elsewhere. Plaintiff also stated he "felt justified in his actions to resist."

Jail classification specialist Craig avers she saw defendant on plaintiff with his knee between plaintiff's shoulders and holding plaintiff's hands in a "gooseneck," a hold to maintain a struggling inmate. Dkt. 21. She states plaintiff was yelling at defendant to get off him and was

REPORT AND RECOMMENDATION - 2

flopping his body all over the floor and kicking his legs. *Id.* Specialist Craig assisted defendant by placing her knee on plaintiff's right leg but she states plaintiff continued to kick with his left leg and other officers had to respond in order to restrain plaintiff. *Id.*

Licensed Nurse Practitioner Miles avers she examined plaintiff after the incident and did not see any cuts or bruises on plaintiff's wrists, though he was still wearing handcuffs, and that there were no other outward signs of trauma. Dkt. 23. Ms. Miles examined plaintiff's head and saw no signs of trauma such as puffiness, swelling or change of color. *Id.* She further examined plaintiff's face and neck and say no signs of trauma. She concluded plaintiff "did not appear to have sustained any injuries requiring additional medical care." *Id*

In his response to defendant's motion for summary judgment, plaintiff states it is untrue he repeatedly pulled away and twisted or pulled his body away. Dkt. 27. Plaintiff contends he "wiggled his arm only once," and "there were no threats . . . after we exited the elevator." *Id.* Plaintiff contends defendant used a "gooseneck" to inflict pain and that plaintiff never said anything out of anger; that "there was no resistance"; and defendant had no right to "drive me face first into ground"; put their knees on his back; or yell stop resisting "when in fact I went totally limp." *Id.*

**B.    Legal Standards**

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the

absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248. In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1121 (9th Cir. 1995).

**C.    Disputes of Material Fact**

The parties' versions of what transpired between plaintiff and defendant diverge sharply. Defendant argues plaintiff was taken to the ground after he pulled away, resisted directives regarding his conduct, made threats and began to yell. Defendant argues he applied a reasonable amount of force in response to plaintiff's misconduct. In contrast, plaintiff argues his resistance

REPORT AND RECOMMENDATION - 4

1  was minimal, he made no threats after he exited the elevator, he did not resist the defendant and

2  the force defendant used and the pain inflicted upon him were unreasonable and therefore

3  excessive. Defendant notes it is unclear whether plaintiff's claim should be assessed under the

4  Eighth Amendment or the Fourteenth Amendment because plaintiff was in custody for both post

5  and pre-conviction matters. Dkt. 19 at 11.

6      Under the Eighth Amendment, Courts consider, in situations where a jailor uses force to

7  quell a disturbance, whether defendant's **post-conviction acts** inflicted unnecessary and wanton

8  pain; whether the force used was applied in good faith or maliciously; the extent of injury

9  suffered; the need to apply force; the relationship between the need to use force and the amount

10  of force; the threat reasonably perceived by the jailor; and efforts made to temper the severity of

11  the force used. *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (elements of

12  excessive force claim under the Eighth Amendment standard applicable to prisoners) (citations

13  and quotations omitted).

14      Under the Fourteenth Amendment, applicable to **pre-trial** detainees, the Court considers

15  whether the plaintiff has shown the force defendant purposefully or knowingly used was

16  objectively unreasonable**.** *Kingsley v. Hendrickson*, ⸺ U.S. ⸺, 135 S. Ct. 2466, 2473 (2015)

17  (elements of excessive force claim under the Fourteenth Amendment standard applicable to

18  pretrial detainees). Objective reasonableness depends upon the facts and circumstances of each

19  case. *Id.* The Court must make a determination based upon the perspective of a reasonable

20  officer on the scene and not with 20/20 hindsight. *Id.* A court must also account for the need to

21  manage a jail and preserve internal order and discipline. *Id.* The Court should consider the

22  relationship between the force used and the need for force; the extent of plaintiff's injuries; the

23  severity of the security problem; and whether plaintiff was actively resisting. *Id.*

In this case, there is no dispute plaintiff engaged in acts that caused defendant to respond with the use of force. However, there is a dispute over exactly what plaintiff's acts were, and exactly what force defendant applied in response. Defendant argues he did not violate plaintiff's rights because his actions were reasonable and that he is also shielded by the doctrine of qualified immunity because it would not be clear to a reasonable jail officer that the force he used to control plaintiff was unconstitutional. Defendant's argument would be a viable basis to grant summary judgment if it were based upon uncontested facts as to what transpired.

But plaintiff contests defendant's version of what transpired and contends his disobedience and resistance were minimal, and the force defendant applied under these circumstances was unreasonable and excessive. Whether the Court has a sense that one party might ultimately have the upper hand in a contested trial is irrelevant. All that is relevant is the plain fact there is a dispute over the extent of plaintiff's resistance to defendant, and the amount of force defendant used against plaintiff. Hence while defendant might have been justified in using some force against plaintiff, there remains a material dispute whether the force that was applied was reasonable or unreasonable.

This case is not unlike *Heggem v. Snohomish County Corrections*, 693 F. Appx. 544 (9th Cir. 2017). In *Heggem,* the district court granted summary judgment on Heggem's excessive force claim against defendant Eichelberger on the basis of qualified immunity, concluding it would not have been clear to every reasonable official that lifting Heggem's legs in connection with a control hold was unconstitutional. The Court of Appeals reversed finding Heggem presented evidence that despite his compliance and cooperation, Eichelberger violently applied a control hold and forcibly disrobed Heggem causing serious injury. The Court of Appeals held that viewing the evidence in the light most favorable to Heggem, and under any potentially

REPORT AND RECOMMENDATION - 6

1  applicable standard, Heggem raised a triable dispute as to whether Eichelberger's use of force

2  was excessive.

3          In sum, the parties have submitted declarations or affidavits painting differing pictures as

4  to what transpired between plaintiff and defendant. Given the dispute of material fact that

5  currently exists, and viewing the evidence in the light most favorable to plaintiff, the Court

6  recommends plaintiff's motion for summary judgment be denied.

7                                          **CONCLUSION**

8          For the reasons above, the Court recommends **DENYING** defendant's motion for

9  summary judgment. Any objection must be filed no later than **November 8, 2019**. The Clerk

10 should note the matter for **November 8, 2019**, as ready for the District Judge's consideration if

11 no objection is filed.  If objections are filed, any response is due within 14 days after being

12 served with the objections.  A party filing an objection must note the matter for the Court's

13 consideration 14 days from the date the objection is filed and served.  The matter will then be

14 ready for the Court's consideration on the date the response is due.  Objections and responses

15 shall not exceed **10 pages.**  The failure to timely object may affect the right to appeal.

16         The Clerk shall provide a copy of this order to plaintiff and the assigned District Judge.

17         DATED this 25th day of October, 2019.

18

19                                     _____

20                                     BRIAN A. TSUCHIDA
                                       United States Magistrate Judge

21

22

23

REPORT AND RECOMMENDATION - 7