UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA LEE REDDING,

    Plaintiff,

 v.

CORRECTIONS DEPUTY SCOTT GRIFFITH,

    Defendant.

CASE NO. 2:18-cv-01536-BAT

**ORDER REGARDING WAIVER OF JURY TRIAL AND LETTERS TO COURT**

  The sole allegation remaining in this case is whether Defendant Griffith used excessive force against Plaintiff Joshua Lee Redding. Pursuant to their Reports of Trial Readiness, the parties consented to trial by a Magistrate Judge. Dkts. 57 and 58. Based on that consent, this case has been assigned to the undersigned Magistrate Judge for all further proceedings. Dkt. 59.

  In his Report of Trial Readiness, Plaintiff stated that he "will be requesting a trial by jury." Dkt. 58. Defendant argues that Plaintiff has waived his right to a jury as he failed to file a demand for jury trial in a timely matter. Dkt. 57. The Court requested additional briefing on this issue prior to setting this case for trial and setting pretrial deadlines. Dkt. 61. That briefing is now before the Court and for the reasons set forth below, the Court finds that Plaintiff has waived his right to a trial by jury. The Court also addresses various letters sent by Plaintiff to the Court Clerk and Plaintiff's failure to comply with the Prisoner E-filing Initiative.

DISCUSSION

A.  Right to Jury Trial

When Plaintiff filed his Complaint on October 22, 2018, the complaint contained no reference to a jury trial and there was no specific jury demand. Dkt. 4. Defendant Scott Griffith filed his Answer on March 25, 2019 and has not requested a jury trial. Dkt. 15. Plaintiff first requested a jury trial on December 2, 2019, a year after the filing of his complaint and after all of his claims, except the claim against Defendant Griffith, were dismissed.

Federal Rule of Civil Procedure 38(b) requires a party wishing to assert the right of trial by jury to "demand a jury trial by . . . (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Because no jury demand was contained in his Complaint, Plaintiff's jury demand was due by April 8, 2019, fourteen days after Defendants' Answer, the "last pleading directed to the issue" was served.

To date, Plaintiff has not filed a demand for a jury trial or a formal motion for a jury trial. In his most recent filing, Plaintiff merely states, "As far as Jury Trial Demand. I didn't know I had to file a Demand for trial before we're ready. That's why I requested court appointed counsel. I know nothing about how this process works and will need an attorney before I go any further with this." Dkt. 62 at 3. As discussed below, Plaintiff's request for the appointment of counsel was previously denied.

A party's failure to serve and file the demand in the manner specified in Rule 38(b) constitutes a waiver of the right to a trial by jury. Fed. R. Civ. P. 38(d). While the district court may, in its discretion, order a jury trial on a motion by a party who has not filed a timely demand for one, that discretion is narrow. *See* Fed. R. Civ. P. 39(b); *Pacific Fisheries Corp. v. HIH Cas.*

*& General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (citing *Lewis v. Time Inc.*, 710 F.2d 549, 556–57 (9th Cir.1983)). A court is not permitted to grant relief when the failure to make a timely demand results from an oversight or inadvertence. *Pacific Fisheries Corp.*, 239 F.3d at 1002. An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown. *Id*. A good faith mistake of law is no different than inadvertence or oversight. *Id*. P

Plaintiff states that his failure to demand a jury trial is because he filed his complaint pro se and was unaware of the requirements of Rule 38(b). However, this good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand. *See id.; see also Kulas v. Flores*, 355 F.3d 780, 784 (9th Cir. 2001) (holding that pro se plaintiff waived any right to a jury trial by failing to file a timely demand as required by Fed. R.Civ.P. 38(b)); *see also Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002) (same).

Accordingly, the Court finds Plaintiff waived any right to a jury trial by failing to file a timely demand as required by Fed.R.Civ.P. 38(b).

B.   Spoliation

The Court previously ruled on Plaintiff's motions seeking relief for the alleged spoliation by Defendant and/or Defendant's counsel of a jail video tape. See Dkts. 39 and 51. Specifically, the Court examined the record and found there was no spoliation. Defendant's counsel submitted a declaration establishing no video tape of the alleged incident exists because jail security tapes are preserved for only 60 days after which the tapes are routinely overwritten and erased. Dkts. 29, 30, and 31. The Court further noted that by the time most of Plaintiff's claims in this case were dismissed and service on Defendant Griffith was ordered, the jail security tape was already

over written and erased. Dkt. 39. Additionally, at no time did Plaintiff request the video during discovery. Dkt. 29 at 4. The Court thus concluded that it would be inappropriate under these circumstances to sanction defendant or defense counsel. Dkt. 39.

In his most recent filing, Plaintiff indicates he "just received Notice from Public Disclosure Unit regarding the video tape of this incident, as well as some other documents I have request. Well there [sic] saying the video is ready and that I can receive it now." Dkt. 62 at 2. According to Defendant this does not accurately summarize the communications Plaintiff received from the Public Disclosure Unit. While Plaintiff did submit a public records request seeking copies of any video regarding the incident, included in that request was a request for a copy of the incident report written by Deputy Griffith. Dkt. 65, Declaration of Jessica Payne at ¶ 3. Because Plaintiff requested copies of the incident report, the Public Disclosure Unit notified him that responsive records were available. *Id.*, Payne Decl. at ¶4. But the Public Disclosure Unit was unable to locate any video responsive to Plaintiff's request, as the video had been automatically overridden by the Jail's security video software prior to the Public Disclosure Unit's receipt of Mr. Redding's request. *Id.* Thus, there is no evidence that the Public Disclosure Unit affirmatively notified Mr. Redding of the existence of a video.

Plaintiff has already moved for sanctions against Defendant and Defendant's counsel for the alleged spoliation of the video (Dkt. 37), and the Court has twice denied his motions. Dkts. 39 and 51. As previously stated by this Court, there is no evidence Defendant Griffith took any action regarding the video, intentionally destroyed the video, or even had the authority to order the video's destruction. Defense counsel was not involved in the case until after the video was erased and thus had no role in the loss of the video.

Because Plaintiff has offered no additional evidence to support the renewal of this motion, the Court again denies the motion. Future motions similarly lacking evidence will be given no consideration.

C. <u>Request for Counsel</u>

This is Plaintiff's second request for court-appointed counsel. See Dkt. 33. The Court has already denied Plaintiff's request. Dkt. 35. Plaintiff does not articulate any exceptional circumstances which would warrant reconsideration of that ruling. Therefore, this second motion is also denied.

D. <u>Letters to Clerk and Failure to Comply with E-Filing Initiative</u>

Plaintiff continues to mail "letters" to the Court Clerk. In his latest letter, Plaintiff seeks all "documents, statements, affidavits, depositions, medical evidence, etc." Dkt. 63. This is not the appropriate way to obtain relief from the Court. First, discovery requests should be directed to the Defendants and not to the Court. Second, if Plaintiff seeks relief from the Court, he must set forth his grounds for such relief in a motion that is correctly noted for consideration on the Court's docket.

In addition, Plaintiff persists in ignoring the requirement that he comply with the Prisoner E-Filing Initiative, which is mandatory for all prisoner litigants incarcerated at the Stafford Creek Corrections Center. If Plaintiff continues to file letters instead of motions and continues to fail to comply with the E-Filing Initiative, the Court will give no further consideration to the filings.

Accordingly, it is **ORDERED**:

1) This case shall be tried without a jury before the Court; an order setting the trial date and pretrial deadlines shall issue separately.

2) Plaintiff's letters requesting sanctions for spoliation, the appointment of counsel, and for discovery (Dkts. 62 and 63) are **DENIED**.

3) Plaintiff is cautioned that his future filings with this Court shall be in the form of motions properly noted for consideration, and that the filings shall be submitted through the Prisoner E-Filing available to him at Stafford Creek Corrections Center.

DATED this 31st day of January, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge