UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA LEE REDDING,

           Plaintiff,

v.

CORRECTIONAL OFFICER GRIFFITH,

           Defendant.

CASE NO. 2:18-cv-01536-BAT

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND**

Plaintiff seeks leave to amend his complaint to include Snohomish County and also seeks sanctions for violation of Rule 37(e) for the alleged spoliation of electronic video evidence. Dkt. 70. For the reasons stated herein, the motion is denied.

BACKGROUND

Plaintiff filed his Complaint on October 22, 2018, naming in part, Snohomish County Jail (the "Jail") and Corrections Deputy Griffith as defendants. Dkt. 4. The Court declined service of the Complaint on Snohomish County Jail, but permitted Plaintiff leave to amend to correct deficiencies by November 5, 2018. Dkt. 5. Plaintiff chose not to file an amended complaint, but the Court ordered service of the original Complaint on Defendant Griffith. Dkt. 7. The discovery deadline was August 2, 2019, and the dispositive motion deadline was August 23, 2019. Dkt. 17.

Plaintiff moved for sanctions for alleged spoliation of video tape from the Jail, which the Court denied on October 1, 2019. Dkts. 37 and 39. On October 4, 2019, Plaintiff moved to

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND - 1

amend the Complaint to add a violation of the Fourth Amendment. Dkt. 40. He did not seek leave to amend to add the County as a defendant at that time but did again move for sanctions for the alleged spoliation of video tape. Dkt. 41. The Court denied both motions. Dkts. 42 and 51.

Plaintiff sought sanctions for alleged spoliation of a video tape for a third time, in January 2020. Dkt. 62. Again, the Court denied his request for sanctions and cautioned Plaintiff that "[f]uture motions similarly lacking evidence will be given no consideration." Dkt. 66.

In December 2019, Plaintiff informed the Court that he would be ready for trial in the middle of February 2020. Dkt. 58. Trial is set to commence on June 3, 2020. Dkt. 67.

## DISCUSSION

Under Fed. R. Civ. P. 15(a), after twenty-one days from the date when the initial complaint was served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Although the rule should be interpreted with "extreme liberality," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), leave to amend is not to be granted automatically. A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) (listing these factors among others to be considered). Prejudice to the opposing party is the most important factor and the trial court is required to take this into account in deciding a Rule 15(a) motion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971).

A. <u>Plaintiff's Motion to Amend</u>

Plaintiff seeks to "re-amend" to include Snohomish County as a defendant. Dkt. 70. Plaintiff claims that this was his original intention upon filing his complaint, but he was only

given one business day (due to his release) to submit an amended complaint. *Id.* Plaintiff's motion to amend is not well-taken.

Plaintiff initially sued the Snohomish County Jail, but the Court dismissed the claim after advising Plaintiff that the proper defendant to sue would be Snohomish County and that, if he wished to pursue such a claim, he must name the County as a party and set forth facts to show (1) the County has an official custom or policy that permits deliberate indifference to the medical needs of an inmate or violates an inmate's civil rights, and (2) the County employees or agents acted through this official custom, pattern or policy or the County ratified the unlawful conduct. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978).

While Plaintiff claims that he had insufficient time to amend his complaint after issuance of the Court's Order in December 2018, he provides no explanation for not seeking leave to amend to name the County at any time over the past fourteen months (even though he did seek leave to amend for a different reason in October 2019.

Additionally, allowing Plaintiff to file an amended complaint now, when the discovery and dispositive motions deadline have long since passed and this case is set for trial in June 2020,[1] would result in significant prejudice to Defendant Griffith. Plaintiff seeks to add a new party and advance different legal theories and facts – all of which will require additional discovery and a new dispositive motions deadline. Plaintiff has provided no sound reason, at this late stage in the litigation, for the parties and the Court to engage in the time and expense of additional discovery and motions practice for a claim which is devoid of factual allegations. Although he was previously advised of the requirements for a claim against the County over a year ago, Plaintiff sets forth no facts to show that the County has an official custom or policy that

---

[1] Plaintiff originally indicated to the Court that he would be ready for trial by February, 2020.

permitted deliberate indifference to his civil rights and therefore, allowing the requested amendment would be futile.

B.     Plaintiff's Fourth Motion for Sanctions

Plaintiff again requests a default judgment against Defendant for the alleged spoliation of video tape. Sanctioning Defendant by issuance of a default judgment requires facts establishing Defendant acted with the intent to deprive Plaintiff of the use of the video in this lawsuit. *See* Fed. R. Civ. P. 37(e)(2). As has already been established and noted by this Court, Plaintiff has not offered any evidence that Defendant Griffith took any action regarding the video, intentionally destroyed the video, or even had the authority to order the video's destruction. Further, defense counsel was not involved in the case until after the video was erased and, therefore, had no role in the loss of the video. *See* Dkts. 29 and 44.

Notwithstanding the Court's three orders on the issue of alleged spoliation, Plaintiff continues to seek sanctions in the form of a default judgment without supplying evidence to support his requested relief. Accordingly, the Court gives no consideration to Plaintiff's allegation that spoliation occurred and denies this unsupported claim as a basis for amending his complaint.

It is, therefore, **ORDERED**:

1)     Plaintiff's motion to amend (Dkt. 70) is **DENIED**.

2)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendant.

DATED this 6th day of March, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND - 4