# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOSHUA LEE REDDING,

    Plaintiff,

v.

CORRECTIONAL OFFICER GRIFITH,

    Defendant.

CASE NO. 2:18-cv-01536-BAT

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Joshua Lee Redding's motion for reconsideration of the Court's Order (Dkt. 73), in which the Court denied his motion to amend to add Snohomish County as a defendant and to seek sanctions for the alleged spoliation of evidence (which the Court denied on three prior occasions). Dkt. 78. The gist of Plaintiff's present motion for reconsideration is that he should now be allowed to amend his complaint to name as a defendant, Harry Parker, "the Acting Deputy who was in charge of the Technology Department for the Jail who is responsible for all security camera's [sic] at the Jail." Plaintiff also seeks a court order "to obtain all discovery documents as well as all kites and grievances from 8/30/18- 11/3/18." *Id.*

## DISCUSSION

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co*., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Although filed as a "motion for reconsideration," Plaintiff does not actually seek reconsideration of the Court's prior rulings and in fact, acknowledges that he "cannot simply include the County" as a party. Dkt. 78 at 2. Rather, Plaintiff now makes a new motion to amend his complaint to include a different party, Harry Parker. *Id.* The record shows however, that Plaintiff knew, at the very least in September 2019, the identity of Corrections Lieutenant Harry Parker and his role in reviewing and preserving jail security video at the Snohomish County Jail (specifically including the August 30, 2018 video of the alleged incident of excessive force). *See* Dkt. 31, Declaration of Harry Parker. At that time, Deputy Parker confirmed that the video was not preserved, the video was automatically recorded over sixty days later, and although Plaintiff

submitted two grievances indicating he wished for the video to be saved, the grievances were not brought to Deputy Parker's attention. *Id.*, pp. 2-3.

Despite this knowledge, Plaintiff provides no explanation for not seeking leave to amend to name Harry Parker as a defendant at any time over the past six months (even though he sought leave to amend for a different reason in October 2019. *See* Dkt. 42). Plaintiff also provides no explanation for not seeking discovery, or an extension of the discovery deadline, "to obtain all discovery documents," nor does he explain why the discovery he has received is insufficient.

Because Plaintiff has not shown manifest error or new facts or legal authority, the motion for reconsideration (Dkt. 78) is **DENIED**.

DATED this 18th day of March, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge