UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA LEE REDDING,

        Plaintiff,

v.

CORRECTIONAL OFFICER GRIFITH,

        Defendant.

CASE NO. 2:18-cv-01536-BAT

**ORDER DENYING MOTION FOR COUNSEL AND GRANTING MOTION FOR CONTINUANCE**

Plaintiff Joshua Redding seeks a continuance of the June 3, 2020 trial date. Dkt. 75. He also seeks, for the second time, the appointment of counsel. Dkt. 76.[1] Defendant does not oppose a trial continuance, in light of the COVID-19 public health emergency. The Court denies Plaintiff's motion for counsel and continues the trial date (and associated pre-trial deadlines) for sixty days.

DISCUSSION

A.    Motion for the Appointment of Counsel (Dkt. 76)

The Court previously denied Plaintiff's motion for appointment of counsel because Plaintiff failed to show exceptional circumstances justifying the appointment of counsel. At that time, the Court explained that a plaintiff's indigency and/or lack of legal training are "not

---

[1] Plaintiff's motion for continuance indicates that he is again asking for sanctions (for the fifth time) for the alleged spoliation of video footage. *See*, *e.g.*, Dkt. 75, at 8-9. To the extent Plaintiff's motion can be read to make such a request, it is denied. *See* Dkt. 73, at 4.

ORDER DENYING MOTION FOR COUNSEL
AND GRANTING MOTION FOR
CONTINUANCE - 1

exceptional circumstances." Dkt. 35. In the current motion, Plaintiff argues that if he can show he has "been struggling to present facts and put together details of the case due to circumstantial circumstances, [he] can ask for help." Dkt. 76. Plaintiff has not, however, shown exceptional circumstances warranting the appointment of counsel.

As Plaintiff was previously advised, no constitutional right exists to appointed counsel in a § 1983 civil rights action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the court may only do so in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id*. "[D]ifficulties which any litigant would have in proceeding *pro se* … do not indicate exceptional factors." *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Plaintiff has not demonstrated a likelihood of success on the merits. Plaintiff states that he has "been trying for months and months trying to contact by letter to get an attorney and [has] received nothing back, no referrals or any kind of correspondence" and that he has "written WA State Association for Justice, NW Justice Project, American Civil Liberties Union, and a couple other places and ha[s] received nothing back." Dkt. 76, at 2. This lack of response is an indication that there is no likelihood of success on the merits.

Plaintiff has also not shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims himself. Plaintiff has not demonstrated this case involves exceptional circumstances that warrant appointment of counsel. Thus, his second motion for the appointment of counsel shall be denied.

ORDER DENYING MOTION FOR COUNSEL
AND GRANTING MOTION FOR
CONTINUANCE - 2

B. <u>Motion to Continue Trial Date</u>

On November 29, 2019, Plaintiff indicated he would be ready for trial by the middle of February 2020. Dkt. 58. Trial is currently set to commence on June 3, 2020. Dkt. 67. However, in light of the unprecedented public health emergency posed by COVID-19, the Court will grant a sixty day continuance of all deadlines in this matter.[2]

Accordingly, it is **ORDERED**:

1) Plaintiff's motion for the appointment of counsel (Dkt. 76) is **DENIED**;

2) Plaintiff's motion for an extension (Dkt. 75) is **GRANTED**; the Court sets the following deadlines:

| Event | Date |
|---|---|
| Plaintiff's Expert Report | **May 8, 2020** |
| Defendant's Expert Report | **May 22, 2020** |
| Rebuttal Expert Reports | **May 29, 2020** |
| Plaintiff and Defendant Exchange CR 16 Pretrial Statements | **June 5, 2020** |
| Parties to file Pre-Trial Order (with exhibit and witness lists) | **June 12, 2020** |
| Pretrial conference scheduled in **Courtroom 12A** | **To be determined** |
| Parties' joint proposal for Plaintiff's trial attendance **via telephone** | **July 3, 2020** |
| **Bench Trial** Estimated trial length: **Two (2) Days** | **August 3, 2020 at 9:30 a.m.** |

This order sets firm dates that can be changed only by order of the Court, not by agreement of the parties. The Court will alter these dates only upon good cause shown. Failure to

---

[2] *See also* General Order 02-20, closing the Seattle and Tacoma Courthouses to the public for at least 30 days and continuing all civil trial dates scheduled to occur before June 1, 2020.

ORDER DENYING MOTION FOR COUNSEL
AND GRANTING MOTION FOR
CONTINUANCE - 3

complete discovery within the time allowed is not recognized as good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day.

If the trial dates assigned to this matter creates an irreconcilable conflict, the parties must notify Deputy Clerk Andy Quach in writing within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. The parties must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

## Pretrial Statements, Orders and Exhibits

The original and one copy of the trial exhibits are to be delivered to Judge Tsuchida's chambers on the date the pretrial order is due. Each exhibit shall be clearly marked. The Court hereby alters the LCR 16.1 procedure for numbering exhibits: plaintiff's exhibits shall be numbered consecutively beginning with 1; defendants' exhibits shall be numbered consecutively beginning with the next number not used by plaintiff. Duplicate documents shall not be listed twice. Once a party has identified an exhibit in the pretrial order, it may be used by any party. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.

## Appearance at Trial

Plaintiff shall appear at the trial of this case **via telephone** from Stafford Creek Corrections Center ("SCCC"), his current place of incarceration. Defendant's counsel is directed to coordinate this appearance with appropriate officials at SCCC. Counsel shall address technical arrangements, questions, or issues to Deputy Clerk Andy Quach. **The parties shall provide the Court with a joint proposal to facilitate Plaintiff's telephone appearance within 30 days prior to trial**.

## Settlement

If this case settles, plaintiff's counsel shall notify Andy Quach at (206) 370-8421 or via e-mail at: Andy_Quach@wawd.uscourts.gov, as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

The Clerk is directed to send copies of this Order to all parties of record.

DATED this 24th day of March, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge