UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA LEE REDDING,

                Plaintiff,

  v.

CORRECTIONAL OFFICER GRIFITH,

                Defendant.

CASE NO. 2:18-cv-01536-BAT

**ORDER DENYING MOTION FOR RECONSIDERATION (DKT. 93)**

Before the Court is Plaintiff Joshua Lee Redding's motion for reconsideration of the Court's Order (Dkt. 92), in which the Court denied his motion to amend. Dkt. 93. The Court previously denied Plaintiff's motion to amend (Dkt. 85) on May 8, 2020, because there no proposed amended pleading was provided, undue delay, and futility of Plaintiff's proposed procedural due process rights claim. Dkt. 89. On May 14, 2020, Plaintiff filed another motion to amend to which he attached a proposed amended complaint. Dkt. 90. However, because Plaintiff failed to address any new arguments or evidence in support of the proposed amendment and there was nothing in Plaintiff's motion or the attached proposed amendment warranting a change in the Court's conclusions, the Court again denied Plaintiff's motion to amend. Dkt. 92. Plaintiff again requests the Court to reconsider. Dkt. 93.

DISCUSSION

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal

ORDER DENYING MOTION FOR
RECONSIDERATION (DKT. 93) - 1

authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995).

Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Because Plaintiff has not shown manifest error or new facts or legal authority, the motion for reconsideration (Dkt. 93) is **DENIED**.

DATED this 2nd day of June, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR
RECONSIDERATION (DKT. 93) - 2