UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA LEE REDDING,<br><br>       Plaintiff,<br><br>  v.<br><br>CORRECTIONAL OFFICER GRIFFITH,<br><br>       Defendant. | Case No. C18-1536 BJR-BAT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

On April 17, 2019, the court dismissed all claims and defendants, except the excessive force claim against Defendant Deputy Scott Griffith. Dkt. 16. On November 13, 2019, the court denied Defendant Griffith's motion for summary judgment because a material dispute remains as to whether the force Defendant Griffith applied to Plaintiff on August 20, 2018 was unreasonable under the circumstances. Dkt. 52 (Report and Recommendation); Dkt. 55 (Order Adopting).

This case is set for a bench trial on August 3, 2020. Dkt. 80. Deadlines for discovery, dispositive motions, expert reports, and exhibits and witness lists have all passed. On June 1, 2020, Plaintiff Joshua Redding filed a motion for summary judgment, asserting that there is no material issue of fact as to whether Defendant Griffith negligently forgot to double-lock his handcuffs, which caused injury to Plaintiff's wrists. Dkt. 95.

Defendant Griffith opposes the motion for summary judgment because it is untimely, Plaintiff never plead a claim of negligence in his Complaint and is precluded from asserting a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 1

1  state law claim of negligence; and, Defendant disputes the degree of injury claimed by Plaintiff.

2  Dkt. 107.

3        In reply, Plaintiff argues that however his claim is characterized, the evidence shows

4  injury to his wrists. Dkt. 110. Plaintiff attaches "some medical documentation showing injury" to

5  his wrists, which consists of unauthenticated excerpts of a December 20, 2019 report by Patrick

6  N. Bays, DO, indicating a "bilateral wrist nerve impingement" from the August 30, 2018

7  incident. Dkt. 110, p. 4. Plaintiff also provides unauthenticated excerpts from his chart history,

8  which appear to have been produced to him in discovery (*see* bate-stamping "Redding_000906-

9  907).

10       For the reasons stated herein, Plaintiff's motion for summary judgment is denied.

11 **DISCUSSION**

12 A.    <u>Facts Asserted and Relevant Procedural Background</u>

13       Plaintiff alleges in his Complaint that Defendant Griffith used excessive force against

14 him during a routine transport in the Jail on August 30, 2018. Dkt. 4. Plaintiff did not raise a

15 claim of negligence in his Complaint. *Id.* Plaintiff's motion for summary judgment, filed on June

16 1, 2020, states, in its entirety:

> O.K. So the Defendant Scott Griffith is not Denying that he Negligently forgot to Double lock the Cuffs and they are not Denying that this Caused me injury to my wrists. And there is an Expert Report that says there was damage to my wrists, and Doctor's reports with Damage to my wrists and I still have a big Scar where the Cuffs bit into my wrist all the way to bone.
>
> Can I at least get a summary judgement on this matter.

21 Dkt. 95.

22       Defendant Griffith admits that he forgot to double-lock the handcuffs he put on Plaintiff.

23 Dkt. 19 at 3; Dkt. 22 (Declaration of Scott Griffith) at 2. However, Defendant Griffith disputes

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 2

that his failure to double-lock the handcuffs resulted in injury. *See* Dkt. 23 (Declaration of Donna Miles) at 2; Dkt. 25 (Declaration of Dan Miller). Defendant Griffith loosened the handcuffs when he realized that he had forgotten to double-lock them. Dkt. 22 (Griffith Decl.) at 4-5.

The dispositive motions cut-off date was August 23, 2019. Dkt. 17. On September 11, 2019, Plaintiff filed a Claim for Damages with the Snohomish County Risk Management Division. Dkt. 108, Bosch Decl., Ex. A.

B.      Standard of Review

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a

genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248. In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1121 (9th Cir. 1995).

C.  Timeliness of Plaintiff's Motion

Plaintiff's motion for summary judgment comes more than nine months after the dispositive motions cut off. "When an act ... must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff did not seek leave to file a late summary judgment motion and has failed to demonstrate "good cause" or "excusable neglect" for his failure to timely file a dispositive motion within the deadline set by the court. Accordingly, his motion may be denied on this ground alone.

D.  Claim of Negligence

It is well-settled in the Ninth Circuit that parties generally cannot assert unpled theories for the first time at the summary judgment stage. *See Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008); *see also Wasco Products, Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings"); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

F.3d 963, 968-69 (9th Cir. 2006) (new factual allegations raised for the first time in a summary judgment response do not provide adequate notice to defendants of the allegations).

Thus, Plaintiff cannot now assert new theories of liability. In addition, because Plaintiff failed to properly comply with Washington State's Claim Filing procedure, he is precluded from maintaining a state-law claim of negligence against Defendant Griffith. RCW 4.96.020 mandates that at least sixty days prior to filing a lawsuit, a claimant alleging a personal injury claim against an employee of a local government entity must file a claim for damage form with that entity. *See also* RCW 4.96.010. Although Plaintiff filed a Claim for Damage form, he did so almost a year after the commencement of the lawsuit. See Dkt. 4 (Complaint, filed October 22, 2018); Dkt. 108, Bosch Decl., Ex. A (Claim for Damage, filed with Snohomish County Risk Management on September 11, 2019).

Because Plaintiff's claim of negligence is futile, his motion for summary judgment on this basis is denied.

E.     Genuine Issues of Material Facts Precluding Summary Judgment

Plaintiff argues that no matter how his claim is characterized (*i.e.*, whether negligence or a constitutional violation under the Eighth and Fourteenth Amendment), he is entitled to summary judgment. Even liberally construing Plaintiff's motion and construing all facts in his favor, the court concludes that summary judgment is not appropriate at this stage because there remain genuine issues of material fact.

Under the Eighth Amendment, courts consider, in situations where a jailor uses force to quell a disturbance, whether defendant's post-conviction acts inflicted unnecessary and wanton pain; whether the force used was applied in good faith or maliciously; the extent of injury suffered; the need to apply force; the relationship between the need to use force and the amount

of force; the threat reasonably perceived by the jailor; and efforts made to temper the severity of the force used. *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (elements of excessive force claim under the Eighth Amendment standard applicable to prisoners) (citations and quotations omitted).

Under the Fourteenth Amendment, applicable to pre-trial detainees, the Court considers whether the plaintiff has shown the force defendant purposefully or knowingly used was objectively unreasonable**.** *Kingsley v. Hendrickson*, ⎯⎯ U.S. ⎯⎯, 135 S. Ct. 2466, 2473 (2015) (elements of excessive force claim under the Fourteenth Amendment standard applicable to pretrial detainees). Objective reasonableness depends upon the facts and circumstances of each case. *Id.* The Court must make a determination based upon the perspective of a reasonable officer on the scene and not with 20/20 hindsight. *Id.* A court must also account for the need to manage a jail and preserve internal order and discipline. *Id.* The Court should consider the relationship between the force used and the need for force; the extent of plaintiff's injuries; the severity of the security problem; and whether plaintiff was actively resisting. *Id.*

This court has previously noted that in this case, there remain material issues of fact as to the exact nature of Plaintiff's acts, the amount of force Defendant Griffith applied under the circumstances, and whether that force was reasonable. *See* Dkt. 52. Furthermore, although Defendant Griffith admits that he forgot to double-lock the handcuffs prior to transporting Plaintiff, Defendant Griffith disputes that the failure to double-lock the handcuffs resulted in injury to Plaintiff. For example, while Plaintiff maintains that the handcuffs cut him "all the way to the bone," Defendant Griffith maintains that this is flatly contradicted by the nature of Plaintiff's injuries recorded by Jail medical personnel who subsequently examined him. *See* Dkt. 23 at 2 (Declaration of Nurse Donna Miles, who examined Plaintiff immediately after the

transport, and did not note any cuts to Mr. Redding's wrists); Dkt. 25 at 2 (Declaration of ARNP Dan Miller, who noted Plaintiff's subjective report of numbness but did not note any cuts to the wrists).

Additionally, Plaintiff claims that he asked Defendant Griffith to loosen the handcuffs. Dkt. 102 at 2. Defendant Griffith disputes this version of events. *See* Dkt. 22 (Declaration of Scott Griffith); Dkt. 103 at 3-4 (Admitted Facts Section of Proposed Pretrial Order). This too creates a genuine issue of material fact.

Thus, under any potentially applicable standard, the court concludes that triable issues of material fact remain as to Defendant Griffith's use of force and whether Defendant Griffith's failure to double-lock the handcuffs caused injury to Plaintiff's wrists. Given these disputes of material fact and viewing the evidence in the light most favorable to Plaintiff, the Court **DENIES** Plaintiff's motion for summary judgment (Dkt. 95).

DATED this 10th day of July, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge