UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA LEE REDDING,

        Plaintiff,

v.

CORRECTIONAL OFFICER GRIFITH,

        Defendant.

CASE NO. 2:18-cv-01536-BAT

**PRETRIAL ORDER**

## I. JURISDICTION

Plaintiff alleges that Defendant, by using excessive force, violated Plaintiff's constitutional rights guaranteed by the Fourteenth Amendment. Accordingly, jurisdiction is proper in this Court. *See*, U.S.C. § 1331, which grants original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## II. CLAIMS AND DEFENSES

A.   <u>Plaintiff's Claims</u>:

Defendant used excessive force against Plaintiff and violated his Fourteenth Amendment rights.

B.   <u>Defendant's Affirmative Defenses</u>:

  (i)    Plaintiff has failed to state a claim upon which relief can be granted;

  (ii)   Plaintiff has failed to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983;

PRETRIAL ORDER - 1

  (iii) Plaintiff's damages and/or injuries were proximately cause or contributed to by Plaintiff;

  (iv) Defendant is entitled to qualified immunity;

  (v) Defendant acted in good faith performance of his duties;

  (vi) Defendant exercised reasonable exercise of judgment;

  (vii) Plaintiff failed to mitigate his damages;

  (viii) Plaintiff cannot show proximate cause; and

  (ix) Defendant's actions furthered legitimate penological goals.

### III.  ADMITTED FACTS

1. At approximately 11:11 p.m. on August 29, 2018, Plaintiff Joshua Lee Redding was booked into the Snohomish County Jail (the "Jail") on charges of making a false or misleading statement to a public servant; possession of drug paraphernalia; criminal trespass in the second degree; and violating the terms of his community custody arising from his conviction for failing to register as a sex offender.

2. As part of the booking process, Mr. Redding gave a urinalysis sample, which tested positive for methamphetamines. Mr. Redding admits he used methamphetamines just before his arrest.

3. On August 30, 2018, Defendant Deputy Griffith was working in the Booking Unit of the Jail. The parties agree that at approximately 2:15 p.m., Deputy Griffith began to transport Mr. Redding to 4 North, a maximum security module within the Jail, for housing.

4. Deputy Griffith placed Mr. Redding in handcuffs with his hands cuffed behind his back in compliance with the standard procedure for transporting inmates to maximum security modules at the Jail. The parties agree Deputy Griffith forgot to double-lock the handcuffs using a

PRETRIAL ORDER - 2

handcuff key, a process that deputies at the Jail use to prevent the handcuffs from cinching up on an inmate's wrists.

    5.    Once Deputy Griffith handcuffed Mr. Redding behind his back, Deputy Griffith began walking Mr. Redding out of the Booking Unit by placing his hand on Mr. Redding's arm. While the parties dispute much of what occurred during the transport, Mr. Redding admits threatening Deputy Griffith by stating, "Wait until I come find you, when I get out I am going to come find your ass."

    6.    The parties do not dispute that Mr. Redding was taken to the ground in the hallway just prior to entering the sky bridge between the old and new Jail buildings. The hallway in which Mr. Redding was escorted to the ground is located near the entrance to the Classification Office.

    7.    The parties agree that after Mr. Redding was taken to the ground, other deputies arrived and applied leg restraints to Mr. Redding. The parties agree Mr. Redding was subsequently transported to the maximum security module and that Deputy Griffith loosened Mr. Redding's handcuffs once they arrived in that module. The parties agree Mr. Redding was examined by a Jail nurse shortly thereafter.

    8.    The parties agree that on September 3, 2018, Mr. Redding sent a kite to Deputy Griffith stating:

> My Appologies [sic] to you sir. I meant nothing by what I said, and I am sure I will have no further or future complications or problems with you or any staff. I just was half asleep after being up for a week and wasn't used to or ready for that kind of control of my body. I am a man of peace. (Just want to Clear the Air) [smiling face] -Nothing Personal –

//

//

PRETRIAL ORDER - 3

9. The parties agree that on September 21, 2018, Mr. Redding wrote in another kite:

"I get it, I messed up when I first got here, I still had meth in my system. I'm clean now stable on meds [sic] and realize what I did wrong. I will not make the mistake again."

## IV.  ISSUE OF LAW

Was Deputy Griffith's use of force in taking Mr. Redding to the ground objectively reasonable?[1]

## V.  EXPERT WITNESSES

A. <u>Plaintiff</u>:

Plaintiff does not intend to call an expert witness at trial.

B. <u>Defendant</u>:

Patrick N. Bays, D.O.
c/o Jura Physicians
140 4th Avenue N
Suite 170
Seattle, Washington 98109

Dr. Bays will testify as to Mr. Redding's pre-existing condition and that, on a more probable than not basis, that the orthopedic injuries Mr. Redding attributes to the alleged excessive force were not caused by the incident.

## VI.  OTHER WITNESSES

A. <u>On behalf of Plaintiff</u>:

Joshua Lee Redding
c/o Stafford Creek Corrections Center 191
Constantine Way
Aberdeen, WA  98520

---

[1] Plaintiff lists several additional questions, *i.e.*, whether his actions warranted excessive force; whether Defendant's failure to double-lock the handcuffs caused him pain; and whether it was excessive force to push his head between his knees and force his shoulders back. However, these questions are subsumed within the excessive force analysis, which takes all these circumstances into account.

PRETRIAL ORDER - 4

1 │ Mr. Redding will testify as to the events of the use of force incident between himself and
2 │ Deputy Griffith on August 30, 2018.

3 │ B.	On behalf of Defendant:

4 │    1.	Deputy Scott Griffith
       c/o Snohomish County Prosecuting Attorney 's Office
5 │        3000 Rockefeller Ave, MS 504
       Everett, WA  98201

6 │ Deputy Griffith will testify as to the events of the use of force incident between himself
7 │ and Mr. Redding on August 30, 2018.

8 │    2.	Classification Specialist Charles Mitchell
9 │        c/o Snohomish County Prosecuting Attorney's Office
       3000 Rockefeller Ave, MS 504
10 │        Everett, WA  98201

11 │ Classification Specialist Mitchell will testify as to the events of the use of force incident
12 │ he saw and heard between Deputy Griffith and Mr. Redding on August 30, 2018.

13 │    3.	Advanced Registered Nurse Practitioner Dan Miller
       c/o Snohomish County Prosecuting Attorney's Office
14 │        3000 Rockefeller Ave, MS 504
       Everett, WA  98201

15 │ 
16 │ ARNP Miller will testify as to the treatment Mr. Redding received at the Snohomish
17 │ County Jail in the weeks and months following the use of force incident on August 30, 2018.

18 │    4.	 Donna Miles, LPN
       c/o Snohomish County Prosecuting Attorney's Office
       3000 Rockefeller Ave, MS 504
19 │        Everett, WA 98201

20 │ Nurse Miles will testify as to the treatment Mr. Redding received at the Snohomish
21 │ County Jail immediately following the use of force incident on August 30, 2018.

22 │    //

23 │    //

PRETRIAL ORDER - 5

5.  Deputy Holly Craig
    c/o Snohomish County Prosecuting Attorney's Office
    3000 Rockefeller Ave, MS 504
    Everett, WA  98201

Deputy Craig will testify as to the events of the use of force incident between Deputy Griffith and Mr. Redding in which she assisted Deputy Griffith in restraining Mr. Redding on August 30, 2018.

## VII.  EXHIBITS

| Plaintiff's Exhibits | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| #1 | Patrick N. Bays, D.O., Expert Report | Stipulated | Stipulated | N/A | Y |
| #2 | Snohomish County Sheriff's Office Serious Incident Violation Report | Stipulated | Stipulated | N/A | Y |

| Defendant's Exhibits | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| #3 | Joshua Redding's Kite apologizing to Corrections Deputy Griffith | Stipulated | Disputed | No specific basis indicated | Y |
| #4 | Joshua Redding's Kite acknowledging behavior during transport | Stipulated | Disputed | No specific basis indicated | Y |
| #5 | Joshua Redding's Inmate Grievance Form | Stipulated | Stipulated | N/A | Y |
| #6 | Everett Bone & Joint medical records | Stipulated | Stipulated | N/A | Y |
| #7 | DOC Medical Record detailing chronic shoulder dislocation | Stipulated | Stipulated | N/A | Y |

PRETRIAL ORDER - 6

| | | | | | |
|---|---|---|---|---|---|
| #8 | Providence Regional Medical Record noting multiple shoulder dislocations | Stipulated | Stipulated | N/A | **Y** |
| #9 | Snohomish County Jail CorEMR patient medical history for Joshua Redding | Stipulated | Stipulated | N/A | **Y** |
| #10 | Snohomish County Jail Cor EMR patient medical history for Joshua Redding | Stipulated | Stipulated | N/A | **Y** |
| #11 | Radiology Report demonstrating no fracture and no dislocation | Stipulated | Disputed | Relevance Fed. R. Evid. 402 | **Ruling deferred** |

## VIII.  MOTIONS IN LIMINE

A    <u>Stipulated Motions in Limine</u>:

The parties have stipulated to, and the Court **GRANTS** the following motions in limine; all reference to the following shall be **excluded**:

    1.    Medical opinions by Plaintiff;

    2.    Untimely or undisclosed witnesses or exhibits;

    3.    Reference to any theory of liability not previously pled;

    4.    Reference to what Plaintiff will do with money received as damages; and

    5.    Settlement offers or proposals; and settlements in other cases.

B.    <u>Contested Motions in Limine</u>:

    1.    Plaintiff requests that the Court provide him an attorney.

The Court previously denied three requests by Plaintiff for the appointment of counsel because Plaintiff has failed to show exceptional circumstances justifying appointment of counsel (his indigency and lack of legal training are not exceptional circumstances). *See*, *e.g*., Dkt. 109.

PRETRIAL ORDER - 7

Plaintiff is also concerned that as his only witness, he may have difficulty conducting direct and cross-examination. Defendant asserts that he will raise no objection to Plaintiff presenting his testimony at trial in a narrative rather than a question-and-answer format. Based on the foregoing, the Court **denies** Plaintiff's request for the appointment of counsel.

2. Plaintiff wants to argue that the video was destroyed knowingly after several employees watched the video and had knowledge of pending lawsuit.

The Court has previously denied at least five motions seeking sanctions and/or a default judgment against Defendant for *intentionally* destroying the video. *See*, *e.g.*, Dkt. 89. Accordingly, Plaintiff's request to further argue this point at trial or to request a negative inference for the taping-over of the video is **denied**.

3. "I should be allowed to include argument that it is a violation of Fourth Amendment rights to have undue tightening of handcuffs."

Plaintiff previously requested leave to amend his complaint to include a claim that the tightening of handcuffs was a violation of his Fourth Amendment rights. Plaintiff was advised that this case involves the claim that a jail officer used excessive force against plaintiff, a pretrial detainee. For actions brought by pretrial detainees, excessive force claims arise under the Fourteenth Amendment's Due Process Clause. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (A pretrial detainee must show force purposely or knowingly used against him was objectively unreasonable under the Fourteenth Amendment).

Because Plaintiff's complaint already alleges violation of his Fourteenth Amendment rights, he may testify to the "undue tightening" of the handcuffs, but the Court will analyze the claim and evidence submitted at trial under standards governing Plaintiff's Fourteenth Amendment excessive force claim, and his request to argue that he is entitled to relief under the Fourth Amendment is **denied**.

PRETRIAL ORDER - 8

## IX.  ACTION BY THE COURT

(a) This case is scheduled for a bench trial on **August 3, 2020**, **at 9:30 a.m**.

(b) Trial briefs shall be submitted to the Court on or before **July 27, 2020**.

This Order shall control the subsequent course of the action unless modified by a subsequent order. This Order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 16th day of July, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge